## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

KEVIN RAFAEL GRANADOS-ORTIZ,

Defendant.

CRIMINAL NO. 16-454 (ADC) (HRV)

## REPORT AND RECOMMENDATION

Pending before the Court is defendant Kevin Rafael Granados-Ortiz's (hereinafter "Granados-Ortiz" or "Defendant") "Motion for Compassionate Release and for Reduction of Sentence under Title 18 USC [sic] § 3582(c)(1)(a)" which was filed, *pro se*, on June 23, 2025. (Docket No. 1790). The motion was subsequently supplemented by appointed counsel on October 31, 2025. (Docket No. 1855). The United States opposes. (Docket Nos. 1825, 1883). The matter has been referred to me by the presiding District Judge for report and recommendation. (Docket No. 1829). For the reasons set forth below, I recommend that Defendant's motion for reduction of sentence be DENIED.

### I.    BACKGROUND

On July 19, 2016, the Grand Jury returned an Indictment against Defendant charging him and others in five counts with drug-trafficking offenses including conspiracy to possess with intent to distribute controlled substances within 1,000 feet of

1

a protected location and substantive drug-distribution offenses in aiding and abetting modality, all in violation of 21 U.S.C. §§ 841(a), 846, and 860 as well as 18 U.S.C. § 2. (Docket No. 3). To face these charges, Defendant was brought to the federal system on writ of habeas corpus *ad prosequendum* issued on July 21, 2016. (Docket No. 7). In due course, Granados-Ortiz pleaded guilty pursuant to a plea agreement with the Government. (Docket Nos. 448, 451). He was sentenced on April 3, 2018, to 121 months of imprisonment and an eight-year term of supervised release. (Docket Nos. 1091, 1092). The judgment is silent as to whether this sentence is to run concurrently or consecutively to a state sentence he was serving at the time. (Docket No. 1092).

At the time of his sentencing hearing in this case, Defendant was serving a 273-year sentence imposed on November 2, 2016, by the Puerto Rico Court of First Instance, Mayaguez part. (*See* Second Amended Pre-Sentence Investigation Report ("PSR"), Docket No. 1049 at 13). Such a sentence, however, was later vacated by the Puerto Rico Court of Appeals via judgment issued on October 31, 2019. (*See* Docket No. 1855 at 1, n.1). On remand, Granados-Ortiz entered into a plea agreement and the state court sentenced him to a significantly lower total term of imprisonment. The state judge ordered the sentence to run concurrently with the already imposed federal sentence as to some of the charges. (Docket No. 1855-1). Defendant continues under the custody of the Puerto Rico Department of Corrections and Rehabilitation and has not begun to serve his federal sentence. (*See* Docket No. 1885). It should be noted that the Defendant's sentence at the state level was for offenses that are unrelated to the federal charges.

On June 23, 2025, Defendant filed his *pro se* motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) seeking an order from this court to "correct the current state of

the consecutive sentence" and to remove the detainer that is currently impeding Defendant to obtain release on parole. (Docket No. 1790 at 9-10). He argued that extraordinary and compelling reasons exist for granting such relief because he is serving an unusually long sentence. The United States filed a response in opposition on September 4, 2025. (Docket No. 1825) to which Granados-Ortiz replied. (Docket No. 1836). Subsequently, the motion was referred to me for report and recommendation. (Docket No. 1829). I appointed the Federal Public Defender ("FPD") to represent Granados-Ortiz and ordered that the compassionate release motion be supplemented. (Docket No. 1830). On October 31, 2025, Defendant filed, this time through counsel, a "Supplemental Memorandum of Law" requesting that the court "order that his federal sentence run[] concurrently with his state sentence . . . ." (Docket No. 1855). The Government responded to the supplemental memorandum and again opposed the relief requested. (Docket No. 1883).

## II.    APPLICABLE LAW AND DISCUSSION

Granados-Ortiz requests that this court order his federal sentence to run concurrently to his state sentences. He invokes 18 U.S.C. § 3582(c)(1)(A) and advances the contention that sentencing errors may constitute a basis for compassionate release. He also argues that he should be exempted from exhausting administrative remedies because he is not currently in federal custody.

In its most recent opposition, the United States does not press the argument that Defendant failed to exhaust administrative remedies. It had previously done so when responding to Defendant's *pro se* motion. (Docket No. 1825). The government, however, opposes the relief requested by the Defendant. It first notes that the Defendant has not

started serving his federal sentence because he has not yet been received in federal custody as per 18 U.S.C. § 3585(a). Second, the government posits that the presiding District Judge was presented with a request that the federal sentence be ordered to run concurrently with the state sentences and denied it, choosing instead to issue a judgment that was silent on the matter, causing the sentence to default to consecutive under the relevant statutes. For those reasons, the government argues that the Court's decision should not be considered a sentencing error nor a basis to grant a sentence reduction.

## A.    Legal Framework

### 1.    *Compassionate Release – 18 U.S.C. § 3582(c)(1)(A)(i)*

The so-called compassionate release statute allows a court acting on a defendant-filed motion "after the defendant has exhausted all administrative rights to appeal" and as long as such reduction is consistent "with applicable policy statements issued by the Sentencing Commission"—to

> reduce [a] term of imprisonment (and... impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction; . . .

18 U.S.C. § 3582(c)(1)(A)(i). This statute is one of the very few exceptions to the rule that once imposed, a term of imprisonment shall not be modified. *United States v. Saccoccia*, 10 F.4th 1, 3 (1st Cir. 2021).

To grant a compassionate release motion, the court must find that a defendant has established three things: (1) that extraordinary and compelling reasons warrant a

sentence reduction; (2) that the reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and (3) that relief is appropriate under the circumstances of the case after considering the applicable 18 U.S.C. § 3553(a) factors. *See United States v. Duluc-Mendez*, 156 F.4th 55, 60 (1st Cir. 2025). Whether the reasons advanced by the defendant are extraordinary and compelling is "guided by the plain meaning of those terms." *United States v. Canales-Ramos*, 19 F.4th 561, 566 (1st Cir. 2021). "The plain meaning of 'extraordinary' suggests that a qualifying reason must be a reason that is beyond the mine-run either in fact or in degree . . . . By the same token, the plain meaning of 'compelling' suggests that a qualifying reason must be a reason that is both powerful and convincing." *Id.* (citations omitted).

Prior to November 1, 2023, and because the Sentencing Commission had not issued any policy statements applicable to prisoner-initiated compassionate release motions, the First Circuit held that district courts had discretion to "consider any complex of circumstances raised by a defendant, as forming an extraordinary and compelling reason warranting relief." *United States v. Ruvalcaba*, 26 F.4th 14, 28 (1st Cir. 2022). Subsequently, in *United States v. Trenkler*, 47 F.4th 42, 47-48 (1st Cir. 2022), it was clarified that the holding in *Ruvalcaba* meant that district courts "may conduct a holistic review to determine whether the individualized circumstances [of the defendant], taken in the aggregate, present an 'extraordinary and compelling' reason to grant compassionate release," including alleged sentencing errors. The "any complex of circumstances" approach, is shaped, however, by the arguments advanced by the defendant, such as when the defendant presents separate arguments in support of his

request rather than multiple arguments in favor of the sentence reduction. *United States v. Gonzalez*, 68 F.4th 699, 706 (1st Cir. 2023).

It must be noted that the Sentencing Commission's policy statement regarding defendant-filed motions for sentence reductions is now in effect. *See* U.S.G.G. § 1B1.13 (Nov. 1, 2023). Consequently, the court "must take heed of" the policy statement as noted in *United States v. Rivera-Rodriguez*, 75 F.4th 1, 18 n.22 (1st Cir. 2023), and consider its scope in deciding what constitutes an extraordinary and compelling reason. *United States v. Quiros-Morales*, 83 F.4th 79, 84 (1st Cir. 2023).

The Commission has identified six circumstances that individually or in combination may provide extraordinary and compelling reasons for a reduction in sentence. U.S.S.G. § 1B1.13(b). These are: certain medical circumstances such as a terminal illness or inability to receive medical care while incarcerated, *id*., § 1B1.13(b)(1); the defendant's age, *id*. § 1B1.13(b)(2); the defendant's family circumstances, *id*. § 1B1.13(b)(3); the defendant having been the victim of sexual or physical abuse by or at the direction of a correctional officer, *id*. § 1B1.13(b)(4); a catch-all provision of any other reason or combination of reasons similar in gravity to those described in (1) through (4), *id*. § 1B.13(b)(5); and if the defendant received an unusually long sentence, *id*. § 1B1.13(b)(6).

The policy statement also requires the court to make a finding that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(2). Factors to be considered in the dangerousness determination include the nature and circumstances of the offense, the weight of the evidence, the history and characteristics of the person, and the nature and seriousness

that the release of the person would pose to any person or the community. 18 U.S.C. § 3142(g).

### 2. *Multiple Terms of Imprisonment – Concurrent versus Consecutive*

Pursuant to section 3584(a), "[i]f multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . . Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). Thus, when a judgment is silent as to whether a sentence is to run concurrently or consecutively to another sentence, the "default" rule is that they must run consecutively. *See United States v. Diaz-Valentin*, No. 14-cr-284 (RAM), 2022 WL 2441192, 2022 U.S. Dist. LEXIS 117821, at *6 (D.P.R. July 5, 2022). Sentencing judges have discretion in selecting whether a sentence they impose will run concurrently or consecutively with other sentences, even with anticipated but not-yet-imposed state sentences. *Setser v. United States*, 566 U.S. 231, 236 (2012).

Moreover, a federal prison sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). "While the BOP has authority to determine when a sentence begins to run, its exercise of that authority is bound by the doctrine of primary custody [or primary jurisdiction] . . . and by . . . 18 U.S.C. § 3585(a)." *Pope v. Perdue*, 889 F.3d 410, 415 (7th Cir. 2018) (citing *Ponzi v. Fessenden*, 258 U.S. 254, 260-61 (1922)). The sovereign which first arrests a defendant has primary jurisdiction over him. *Stephens v.*

*Sabol*, 539 F. Supp. 2d 489, 493 (D. Mass. 2008). Said sovereign retains jurisdiction over a defendant until it takes a specific act that relinquishes it such as bail release, dismissal of the charges, parole, or expiration of the sentence. *Jimenez v. Warden*, 147 F. Supp. 2d 24, 28 (D. Mass. 2001) (citations omitted). A transfer on writ is not one of the acts that relinquishes primary jurisdiction. *See United States v. Casas*, 425 F.3d 23, 67 (1st Cir. 2005) ("[A] state that sends a prisoner in state custody to federal authorities pursuant to a writ of habeas corpus ad prosequendum retains jurisdiction over the prisoner because the prisoner is merely 'on loan' to the federal authorities.").

**B.    Analysis**

### 1.  The Government has waived any exhaustion of administrative remedies defense.

Before discussing the merits of Granados-Ortiz's arguments, a threshold matter must be addressed. Prior to entertaining a defendant-filed motion for compassionate release, the court must be satisfied that the defendant fully exhausted administrative remedies, or that thirty (30) days elapsed without the director of the Bureau of Prisons ("BOP") having brought such a motion on the defendant's behalf despite a request to the warden of the defendant's facility, whichever is earlier. *See* 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Texeira-Nieves*, 23 F.4th 48, 52-53 (1st Cir. 2022). This exhaustion requirement, however, is not a jurisdictional bar. Rather, it is a nonjurisdictional claim-processing rule. *United States v. Texeira-Nieves*, 23 F.4th at 53 ("In our judgment . . . [the] exhaustion requirement is not a jurisdictional limitation....."). As such, the government can waive it "either expressly or by failing to raise it as a defense." *United States v. Newton*, No. 17-cr-0073-JAW, 2023 WL 8529442; 2023 U.S. Dist. LEXIS

8

218588 (D. Me. Dec. 8, 2023) (citations omitted); *see also United States v. Trinidad-Jorge*, No. Criminal No. 16-282 (ADC)(HRV), 2024 WL 1621069, 2024 U.S. Dist. LEXIS 72078 at *3, n.2 (D.P.R. Apr. 15, 2024) (same); *United states v. Waite*, No. 2:18-cr-00113-GZS, 2022 WL 2966505, 2022 U.S. Dist. LEXIS 133073, at *4 (D. Me. July 27, 2022) (exhaustion is mandatory unless waived or conceded by the Government).

Here, the Defendant argues that the court should waive the exhaustion requirement because he is not in federal custody "where he can pursue his administrative remedies." (Docket No. 1855 at 8). The government, for its part, has withdrawn the previously asserted exhaustion defense. (Docket No. 1883 at 2) ("While the Government previously emphasized the need to exhaust administrative remedies under 18 § 3582(c)(1)(A), due to Defendant's current placement in state custody and the practical unavailability of the [BOP] procedures, the United States submits the exhaustion of administrative remedies is not ripe for consideration since the Defendant has not begun his federal sentence."). Accordingly, I find that the government has expressly waived the exhaustion of remedies defense and I proceed to the merits of the motion for sentence reduction.

### 2. Defendant has failed to show that extraordinary and compelling reasons warrant a sentence reduction.

There is no dispute that the federal sentence of Granados-Ortiz has not commenced to be served because, as explained above in the discussion of the primary jurisdiction rules, he has not been received in federal custody. As things stand (with a detainer in place), he would only begin to serve the federal sentence once his custody is transferred to the BOP once he is finished serving his state sentence. (Docket Nos. 1855-

2 and 1885). But here, the Defendant is not requesting a reduction of his sentence as such. Properly construed, Granados-Ortiz is requesting that an amended judgment be entered ordering that his federal sentence run concurrently to his state sentence. Presumably, said relief, if granted, would prospectively allow some portion of the state sentence he is currently serving to be credited to his federal sentence once custody is transferred to the BOP. *Cf.* 18 U.S.C. § 3585(b) (allowing credit for a prior sentence to be given for a term of imprisonment "that has not been credited against another sentence.").

It is questionable at best that such relief is even allowed under 18 U.S.C. § 3582(c)(1)(A)(i) (a district court **may** "**reduce** [a] term of imprisonment" if "extraordinary and compelling reasons warrant such a reduction."); *see also United States v. McKay*, No. 23-14085, 2025 U.S. App. LEXIS 24990, at \*5 (11th Cir. Sept. 26, 2025) (affirming denial of motion to modify judgment to order concurrence where the request for modification did not "fall within any of the narrow categories under which a district court may modify an already-imposed sentence."). In this case, Defendant invokes the compassionate release statute but does not request that his sentence be "reduced." He only seeks a modification of the judgment stating that the federal sentence is to run concurrently with the state sentences. The Defendant has not cited any authority for the proposition that such relief can be granted pursuant to the compassionate release statute as opposed to a traditional habeas petition. And caselaw is actually to the contrary. *See United States v. Sonier*, No. 13-CR-00059, 2025 WL 31111511, 2025 U.S. Dist. LEXIS 219415, at \*4 (W.D. La. Nov. 6, 2025) (compassionate release is not the appropriate vehicle to seek a retroactive declaration of concurrence); *see also United States v. Childress*, No. 19-cr-36, 2025 WL 2600048, 2025 U.S. Dist. LEXIS 177763, at \*5-6 (W.D.

Va. Sept. 8, 2025); *United States v. Trujillo*, No. 13-709-TUC-CKJ, 2025 WL 1884272, 2025 U.S. Dist. LEXIS 129061, at *8 (D. Ariz. July 8, 2025); *United States v. Love*, No. 18-CR-178-MOC-SC, 2020 U.S. Dist. LEXIS 157515, at *2 (W.D.N.C. Aug. 27, 2020).

Be that as it may, I agree with the government that even if the request was cognizable in compassionate release proceedings, the discretionary refusal of the District Judge to run her sentence concurrently with the state sentences is not a sentencing error amounting to extraordinary and compelling reasons. The issue was a matter of discretion at the time of sentencing, and it remains a matter of discretion today as acknowledged by the Defendant. (Docket No. 1855 at 2) ("Mr. Granado-Ortiz [sic] respectfully requests that this Honorable Court exercise its discretion and order that his federal sentence runs concurrently with his state sentence . . . ."). The transcript of the sentencing hearing shows that the Defendant asked the District Judge to order the federal sentence to run concurrently with the state sentences. Yet, the District Judge chose to remain silent on the matter by declining to state in the judgment how both terms of imprisonment would run. More to the point, the following exchange took place at the sentencing hearing between defense counsel and the District Judge:

> And having said that, if the Court may consider it, we will also, despite the fact that the only conviction that stands, which is the three points that have been added, is unrelated to the conspiracy, we would request in any case that any sentence run concurrently to what he's serving already at the state level, which he would prefer to serve first by the way if it stands.

> THE COURT: Well, I think that right now, if the appeal were to be dismissed and the state conviction to stand, my sentence would be inconsequential, technically, looking at it, 273 years.

> MR. HERNANDEZ: Yes.

11

THE COURT: I would think that consecutiveness would - -

MR. HERNANDEZ: Correct.

THE COURT: -- make a difference –

MR. HERNANDEZ: That's why I argued for it, because he requested from me –

THE COURT: -- and if the appeal is dismissed and he goes for a new trial, for me the issue of whether to impose it concurrently or not as well is meaningless because the state judge will be coming after my sentence. That would be for him to decide and rule upon.

(Transcript Sentencing Hearing, Docket No. 1164, at 17).

Despite intervening events in state court (a new sentence being imposed after the original conviction and sentences were vacated on appeal), nothing in the record suggests that the District Judge erroneously believed herself without discretion to run the federal sentence concurrently with the state sentences. Further, no argument has been advanced that said intervening events changed the primary jurisdiction of the Commonwealth of Puerto Rico. Courts have rejected the notion, albeit in different contexts, that the effects of the primary jurisdiction doctrine can amount to extraordinary and compelling reasons warranting compassionate release. *See, e.g., United States v. Cook*, No. 20-1974, 2022 WL 2447897, 2022 U.S. App. LEXIS 18507 (3d Cir. Jul. 6, 2022); *United States v. Isbell*, No. 21-3019, 2022 WL 1800759, 2022 U.S. App. LEXIS 15212 (7th Cir. Jun. 2, 2022); *United States v. Bean*, No. 18-CR-0017-DCLC-CRW, 2024 WL 2870077, 2024 U.S. Dist. LEXIS 100955 (E.D. Tenn. Jun. 6, 2024); *United States v. Gordon*, No. CR 19-46-BLG-SWS, 2024 WL 2749649, 2024 U.S. Dist. LEXIS 95590 (D. Mont. May 29, 2024).

### 3. Alternatively, Defendant has failed to establish that the section 3553(a) factors support the relief requested or that he is not danger to the community.

The record contains no information regarding Defendant's rehabilitation efforts while in prison, such as programing or good behavior, that the Court could consider in assessing if relief was warranted and to what extent under 18 U.S.C. § 3553(a). I note that rehabilitation efforts alone fall short of being extraordinary or compelling reasons to warrant compassionate release. *See United States v. Chavez*, 534 F. Supp. 3d 176, 178 (D. Mass. 2021). Indeed, the policy statement of the Sentencing Commission specifically prohibits considering rehabilitation, by itself, in the extraordinary and compelling calculus. *See* U.S.S.G. § 1B1.13(d); *see also United States v. Malpica-Garcia*, Criminal No. 04-217 (ADC)(HRV), 2024 WL 1172769, 2024 U.S. Dist. LEXIS 51793 at *7 (D.P.R. Mar. 19, 2024). But "rehabilitation of the defendant while serving the sentence [can] be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.13(d); *see also Concepcion v. United States*, 597 U.S. 481, 487 (2022).

I find that even if extraordinary and compelling reasons had been independently established, a reduction of Granados-Ortiz's sentence would be inconsistent with the § 3553(a) factors. He was a member of a drug trafficking organization with a supervisory role. In fact, at sentencing, he was assigned a three-level adjustment for role as a "manager or supervisor" of an "extensive" conspiracy despite a stipulation in his plea agreement that he should only receive a two-level enhancement. This determination was subsequently upheld on appeal. (Docket No. 1322). He also admitted that he possessed and carried firearms in furtherance of the drug-distribution offense. Thus, the

13

seriousness of the offense, the need to provide just punishment, the need to protect the public, and the need to promote respect for the law weigh heavily against any modification of his sentence that potentially opens the door to early release. *See United States v. Martinez*, No. 2:18-cr-00089-JAW, 2023 WL 3305674, 2023 U.S. Dist. LEXIS 79444 at *29 (D. Me. May 8, 2023). These factors, together with the fact that he accepted responsibility for his participation in a violent crime in state court, likewise foreclose a finding that Defendant's release will not pose a danger to the safety of others in the community. (*See* Judgments, Docket No. 1855-1) (Defendant pled guilty to two counts manslaughter reclassified down from first degree murder, and related firearm offenses).

### III.    CONCLUSION

For the reasons stated, I recommend that the motion for a sentence reduction at Docket No. 1790 as supplemented in Docket No. 1855 be DENIED.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within 14 days**. Failure to file timely and specific objections is a waiver of the right to appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Davet v. Maccorone*, 973 F.2d 22, 30–31 (1st Cir. 1992); *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico this 10th day of February, 2026.

S/Héctor L. Ramos-Vega
HÉCTOR L. RAMOS-VEGA
UNITED STATES MAGISTRATE JUDGE

14